UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Loanis M. Rivera Colon
   Plaintiff
       v.                                  CASE NUMBER: 98-2009 (HL)

Basic Industries, et al.
   Defendants

**OPINION AND ORDER**

Before the Court is Defendants' motion to dismiss the personal liability claims against co-defendants Heli E. Rivera Auffant, Heli Rivera Malave, Mercedes Rivera Auffant and Raul Rosario Santana as well as the claims against co-defendants Powerline Industries (Powerline) and OMAF Electrical Supplies (OMAF) pursuant to Federal Rules 12(b)(1). Defendant Basic Industries (Basic) has not joined the motion. Plaintiff Loanis Rivera-Colon (Rivera-Colon) is seeking damages under Title VII claiming she was subjected to sexual harassment by Defendant Raul Rosario Santana while working for Defendants Basic, Powerline and OMAF. Defendants assert that the claims against the individual defendants should be dismissed because they are not personally liable under Title VII. Defendants further contend that Rivera-Colon was an employee of Powerline, but not an employee of Basic and OMAF. Defendants allege that Powerline is exempted under Title VII because it employs less than fifteen employees. Plaintiff counters that Basic, Powerline and OMAF constitute a single or joint employer.




2

Initially, the Court must determine under what standard Defendants' Rule 12(b)(1) motion should be considered because they have submitted documentary evidence in support thereof. A Rule 12(b)(1) motion generally cannot be converted into a motion for summary judgment. *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987). However, such a motion may be converted when the resolution of the jurisdictional issue is intertwined with the merits of the claim. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995); *Farr v. United States*, 990 f.2d 451, 454 n.1 (9th Cir. 1993); *Green v. Hill*, 954 F.2d 694, 697 (11th Cir. 1992). The jurisdictional issue and the merits are intertwined when subject matter jurisdiction is based upon the same statute which provides for the substantive claim *Wheeler*, 825 F.2d at 259; *see also Green*, 954 F.2d at 697 ("Jurisdiction and the merits are intertwined if a decision on one would effectively decide the other."). In the case before the Court, the jurisdictional issue and the merits are intertwined. The parties have had the opportunity to adequately discuss the issues. Accordingly, the consideration of Defendants' motion as one under Rule 12(b)(1) ultimately leads to the conversion of the motion into one for summary judgment. Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

I. <u>Claims Against Individual Defendants</u>

Rivera-Colon is suing Co-defendants in their personal capacity under Title VII. Before addressing the merits of Plaintiff's claim, the Court must determine whether an individual may be held liable in his personal capacity under Title VII. Neither the First Circuit nor the Supreme Court has decided the issue of whether a Title VII plaintiff can maintain a suit against individuals in their personal and official capacities. See *Serapion v. Martinez*, 119 F.3d 982, 992-93 (1st

Cir.1997)(citing *Scarfo v. Cabletron Systems, Inc.*, 54 F.3d 931, 951-52 (1st Cir.1995) (declining to address the issue of individual liability)). Because of a lack of guidance from the First Circuit on this issue, the Court shall follow the holding of *Hernandez v. Wangen*, 938 F. Supp. 1052 (DPR 1996), where this Court held that Title VII does not impose individual liability against a supervisor in either official or personal capacity. *See also Maldonado Cordero v. AT&T*, 73 F.Supp. 2nd 177 (DPR 1999); *Contreras Bordallo v. Banco Bilbao Vizcaya*, 952 F.Supp. 72 (DPR 1997). Because the court concludes, in line with the aforesaid line of cases, that there is no personal liability under Title VII, the Court declines to exercise supplemental jurisdiction over state law claims. Therefore, the Complaint is **DISMISSED** with prejudice to the extent it seeks to impose personal liability on the individually named defendants under Title VII. The state law claims against individual defendants shall be dismissed without prejudice. *Mercado Garcia v. Ponce Federal Bank*, 979 F.2d 890 (1st Cir. 1992)(once a court dismisses some of the federal claims it has the discretion to dismiss the pendent state claims).

II. Claims Against Powerline and OMAF

Title VII applies to employers with fifteen or more employees. 42 U.S.C.A. § 2000e(b). Defendants claim that Rivera-Colon was an employee of Powerline and that Powerline has less than fifteen employees. Plaintiff argues that Powerline, OMAF and Basic constitute a single or joint employer and consequently, that the aggregate number of employees, which exceeds the statutory minimum, is the pertinent one.

To be considered a "single employer", two ostensibly separate entities must be highly integrated with respect to ownership and operations. *Rivas v. Federacion de Asociaciones*

4

*Pecuarias*, 929 F.2d 814, 820 n.16 (1st Cir. 1991)(quoting *Radio & Television Broadcast Technicians 1264 v. Broadcast Service of Mobile Inc.*, 380 U.S. 255, 256 (1965)). The issue of whether two enterprises constitute a "single employer" is a factual one that is based on factors such as the interrelation of operations, the centralized control of labor relations, common management and common ownership or financial control. *Id.* In like token, the concept of "joint employer" arises when two entities contract with each other for the performance of some task, and one company retains sufficient control over the terms and conditions of employment of the other company's employees. *Id* n.17.

Plaintiff Rivera-Colon has submitted evidence showing that she was hired by Basic but performed functions for both Powerline and OMAF and reported to supervisors of both entities; that Basic provided her medical and life insurance and established the personnel policies; that she received correspondence on the letterhead of Basic and OMAF; that Powerline and OMAF were under direct supervision of the same Vice President who in turn reports to the President and Chief Operations Officer of the three enterprises, and that all entities shared a labor relations manager, Director of Personnel and Comptroller. (Dkt. 37, Exh. I.) This evidence creates a genuine issue of material fact as to the status of Rivera-Colon's employment. It is not clear from the record whether the three entities constitute a single or joint employer or whether Plaintiff was an employee of Powerline, of OMAF, or Basic. Because there is a genuine issue of material fact, the Court **DENIES** Defendant's motion to dismiss the claims against Powerline and OMAF. *See also* 5A Wright & Miller, *Federal Practice and Procedure* § 1350, at 237-38 (2d ed. 1990) (If the

5

jurisdictional issue is intertwined with the merits of the case, the court may postpone a resolution of the issue until evidence is submitted at trial).

WHEREFORE, Defendants Heli E. Rivera Auffant, Heli Rivera Malave, Mercedes Rivera Auffant and Raul Rosario Santana's motion to dismiss (dkt. 28) is hereby **GRANTED**. Defendants Powerline and OMAF's motion to dismiss is hereby **DENIED**.

**IT IS SO ORDERED**

San Juan, Puerto Rico, June 15, 2000

Hector M. Laffitte
Chief U.S. District Judge